IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| BILL WICKERSHAM | ) | |
| and | ) | |
| MAUREEN DOYLE | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 05-4061-CV-C-NKL |
| CITY OF COLUMBIA, MISSOURI | ) | |
| and | ) | |
| MEMORIAL DAY WEEKEND - SALUTE TO VETERANS CORP., | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court are Plaintiffs' Motion for Attorneys' Fees [Doc. # 105] and Plaintiffs' Supplemental Motion for Attorneys' Fees [Doc. # 117]. For the reasons set forth below, the Court grants in part Plaintiffs' Motions.

**I. Background**

Memorial Day Weekend-Salute to Veterans Corp. ("Salute"), with the assistance of the City of Columbia ("Columbia"), sponsored an air show at the municipal airport owned by Columbia. Salute, with the assistance of Columbia police, prevented members of the public from distributing leaflets or circulating petitions on the tarmac of the airport

1

during the air show. Plaintiffs filed suit against Defendants and sought a preliminary and permanent injunction that would allow them to distribute leaflets and circulate petitions.

The Court granted Plaintiffs' request for a preliminary injunction and their request for a permanent injunction. *See* Preliminary Injunction Order [Doc. # 57] and Permanent Injunction Order [Doc. # 100]. The Court held that Plaintiffs and similarly situated attendees at the air show may distribute leaflets, carry signs, and wear expressive clothing, hats, and buttons at the air show. The Court held that Plaintiffs and similarly situated attendees were not entitled to circulate petitions at the air show.

## II. Plaintiffs' Motion for Attorneys' Fees [Doc. # 105]

### A. Attorneys' Fees

The starting point for determining a reasonable attorney fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This figure is often referred to as the "lodestar." *See, e.g.*, *Casey v. City of Cabool, Missouri*, 12 F.3d 799, 804 (8th Cir. 1993), *cert. denied*, 513 U.S. 932 (1994). The party seeking the award should submit documentation supporting the requested amount, making a good faith effort to exclude hours that are excessive, redundant or otherwise unnecessary. *Hensley*, 461 U.S. at 434. *Also see Philipp v. ANR Freight System, Inc.*, 61 F.3d 669, 675 (8th Cir. 1995) (reducing fee because of inadequate documentation). In other words, counsel must exercise "billing judgment" and be mindful that "hours that are not properly billed to one's client also are not billed to one's adversary pursuant to statutory authority." *Id*. at 434 (*citing Copeland*

2

*v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)).

To determine the lodestar amount, courts may consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 434 n.9 (court may consider *Johnson* factors); *Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 265 (8th Cir. 1985) (same).

### 1. *Prevailing Parties and Degree of Success*

Both Plaintiffs are prevailing parties who are entitled to attorneys' fees under 42 U.S.C. § 1988. Defendants argue that Bill Wickersham ("Wickersham") is not entitled to attorneys' fees because his primary contention was that he was denied the opportunity to circulate petitions on the tarmac. Because the Court ruled in favor of the Defendants on this issue, Defendants argue that Wickersham did not prevail on his claim.

Defendants' argument ignores both how this case was pleaded and how it was prosecuted. In their Amended Complaint, Plaintiffs jointly asked for an injunction "ordering Defendants to allow Plaintiffs to peaceably distribute pamphlets and collect signatures . . . ." *See* [Doc. # 28] at p. 9. At no time in the Amended Complaint did

3

Plaintiffs distinguish between certain types of relief being sought by a particular Plaintiff. Thus, even though there was evidence of Wickersham circulating petitions in the past, both Wickersham and Doyle sought the right to distribute leaflets and to circulate petitions. They were given the right to distribute leaflets and, therefore, are both prevailing parties. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 605 (2001); Farrar v. Hobby, 506 U.S. 103, 113 (1992) (to be a prevailing party, there need only be a change in the legal relationship between the parties); *Warnock v. Archer*, 380 F.3d 1076, 1083 (8th Cir. 2004).

Defendants also argue that Plaintiffs were only partially successful on their claims because the Court did not require the Defendants to allow petitioning on the tarmac during the air show. This argument is without merit because the petitioning and leafleting issues were so intertwined that nearly the same factual record and legal research was needed to develop both.

### 2. *The Hourly Rate*

Plaintiffs retained the services of Marilyn Teitelbaum ("Teitelbaum") and Stacey Aschemann ("Aschemann"), both of whom are affiliated with the law firm Schuchat, Cook and Werner in St. Louis, Missouri. Teitelbaum is a partner in the firm and Aschemann is an associate. Plaintiffs request an hourly rate of $400 for Teitelbaum and an hourly rate of $275 for Aschemann.

Plaintiffs were also assisted by in-house attorneys affiliated with the American Civil Liberties Union of Easter Missouri ("ACLU-EM"). Those attorneys were Denise

Lieberman ("Lieberman") and James Felakos ("Felakos"). Plaintiffs request an hourly rate of $300 for Lieberman and an hourly rate of $200 for Felakos.

Defendants argue that these attorneys' rates are excessive because they are based on average billing rates from the St. Louis area rather than central Missouri. The Court finds that conforming Plaintiffs' attorneys' rates to central Missouri rates is not warranted. This is consistent with the Eighth Circuit's admonition in *Case v. City of Cabool*, 12 F.3d 799 (8th Cir. 1993), which stated:

> To limit rates to those prevailing in a local community might have the effect of limiting civil rights enforcement to those communities where the rates are sufficient to attract experienced counsel. Civil rights would be more meaningful, then, in those communities (large cities) where experienced attorneys can command their customary fees. This result would be in direct contravention of the purpose of diffuse enforcement through the 'private attorneys general' concept.

*Id.* at 805.

In addition to considering comparable hourly rates in the St. Louis area, the Court has considered the special First Amendment expertise of Plaintiffs' attorneys and the risks associated with the litigation which made it unlikely that lead counsel could be found locally. In *Republican Party of Minnesota v. White*, 456 F.3d 912 (8th Cir. 2006), the Eighth Circuit found that a fee of $425 per hour was reasonable for James Bopp because of his First Amendment expertise, even though Minnesota law firms of a size comparable to Mr. Bopp's firm only charged $225 per hour.[1]

---

[1] Mr. Bopp has represented a party previously before this Court and his expertise is comparable to the skills exhibited by Marilyn Teitelbaum, lead attorney for Plaintiffs.

5

Given all these factors, the Court finds that the rate charged by Plaintiffs' attorneys is reasonable.

### 3. *The Number of Hours*

Plaintiffs submit that Teitelbaum expended 301.7 hours working on the case and that Aschemann expended 192.8 hours working on the case. Plaintiffs also submit that Lieberman expended a total of 204.6 hours working on the case and Felakos expended 96.1 billable hours working on the case.

Defendants primarily object to the number of hours submitted because it was inefficient and unreasonable for Plaintiffs to charge for attendance of two attorneys at the depositions and the hearings held in this case. Plaintiffs respond that the two Defendants had separate lawyers even though they had common interests and the presence of two defendants increased Plaintiffs' work because Plaintiffs' counsel had to respond to two briefs, not just one. In addition, each defense counsel strengthened the arguments of the Co-Defendant. Plaintiffs also point out that Plaintiffs had the burden of proof which necessitated more work for Plaintiffs' counsel.

While the Court acknowledges the general merit of Plaintiffs' argument, the expenditure of time by Plaintiffs' counsel is nearly twice the combined number of hours expended by both defense counsel. The Court cannot say that nearly twice as much work had to be done by Plaintiffs' counsel.

Taking into account that the burden of proof was on the Plaintiffs, that the presence of two defendants often required duplicative work, that the issues in the case

6

were complex and challenging, the time for preparation was short and Plaintiffs' attorneys are experts in First Amendment law, the Court finds that a reasonable expenditure of time at a reasonable rate would be as follows:

| Name | Hours | x | Rate | = | Total |
|---|---|---|---|---|---|
| Marilyn Teitelbaum | 301.7 | | $400.00 | | $120,680.00 |
| Associate Support | 300 | | 250.00 | | 75,000.00 |
| Katy McDonnell | 13.3 | | 80.00 | | 1,064.00 |
| Michelle Bonebrake | 2.5 | | 50.00 | | 125.00 |
| Jonathan Hoover | 17.2 | | 75.00 | | 1,290.00 |
| Ben Norris | 1.9 | | 75.00 | | 142.50 |
| **TOTAL** | | | | | **$198,301.50** |

The Court, therefore, awards attorneys' fees to Plaintiffs in the amount of $198,301.50, to be paid to Plaintiffs' attorneys. In their briefs, the parties do not undertake to apportion the attorneys' fees among Defendants. Because that is not an issue before the Court, it will not rule on how the award of attorneys' fees should be apportioned between the Defendants. Likewise, the Plaintiffs' attorneys' fee award has not been fully allocated among Plaintiffs' counsel. If either Plaintiffs' or Defendants' lawyers cannot agree on how to allocate the attorneys' fee award, they must file a motion for the Court to do so within thirty (30) days of the date of this Order.

**B. Expenses**

Plaintiffs also include their expenses in their pending Motion. Plaintiffs state that

the firm Schuchat Cook and Werner incurred $1,100.55 in expenses. *See* Pl. Ex. 8. Defendants correctly point out that Plaintiffs have included $292.98 for electronic legal research. In the Eighth Circuit, "computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of computer time may not be added to the fee award." *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993). Thus, the Court will reduce Schuchat Cook and Werner's expenses by $292.98 for a net amount of $807.57. The ACLU-EM incurred $1,638.79 in expenses. These expenses were all reasonable.

Defendants are ordered to pay costs to Schuchat Cook and Werner in the amount of $807.57, and costs to the ACLU-EM in the amount of $1,638.79.

## III. Plaintiffs' First Supplemental Motion for Attorneys' Fees [Doc. # 117]

Plaintiffs also seek their attorneys' fees related to preparing and responding to the pending Motion for Attorneys' Fees [Doc. # 105]. According to the Motion, the attorneys and staff at Schuchat Cook and Werner expended in excess of forty hours working on the Motion for Attorneys' Fees and their billable time calculated to $6,605.50. Felakos at ACLU-EM also billed $220 worth of time on the Motion. Plaintiffs seek a total of $6,825.50 in additional attorneys' fees.

The Court finds that a fee in excess of six thousand dollars is an unreasonable amount for preparing a Motion for Attorneys' Fees. Other than preparing affidavits and conducting some routine research, the main work involved gathering the data from the computerized time entry software, a clerical task. The Court will award Schuchat Cook

and Werner $2,500 in attorneys' fees for preparing its Motion.

The Court appreciates the excellent work done by both the Plaintiffs' counsels and the defense counsels. Although the case was hard fought, the attorneys always maintained the highest professional standards. They are each to be commended.

## IV. Conclusion

Accordingly, it is hereby

(1) ORDERED that Plaintiffs' Motion for Attorneys' Fees [Doc. # 105] is GRANTED in part. Plaintiffs are awarded $198,301.50 in attorneys' fees.

(2) ORDERED that Schuchat Cook and Werner are awarded costs in the amount of $807.57, and ACLU-EM is awarded costs in the amount of $1,638.79.

(3) ORDERED that Plaintiffs' First Supplemental Motion for Attorneys' Fees [Doc. # 117] is GRANTED in part. Plaintiffs are awarded $2,500.00 in attorneys' fees for preparation of the Motion for Attorneys' Fees.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: October 2, 2006
Jefferson City, Missouri