IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BILL WICKERSHAM and MAUREEN DOYLE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 05-4061-CV-C-NKL |
| CITY OF COLUMBIA and MEMORIAL DAY WEEKEND SALUTE TO VETERANS CORPORATION, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Pending before the Court are Plaintiffs' Motion for Post-Judgment Interest on Award of Attorneys' Fees [Doc. # 146] and Plaintiffs' Attorneys' Second Supplemental Motion for Attorneys' Fees [Doc. # 147]. For the reasons stated herein, both motions are granted.

**I.      Plaintiffs' Motion for Post-Judgment Interest**

In its October 2, 2006 Order [Doc. # 128], the Court found that Plaintiffs Bill Wickersham and Maureen Doyle were prevailing parties under 42 U.S.C. § 1988 and awarded Plaintiffs attorneys' fees and costs totaling $203,247.86. Pursuant to 28 U.S.C. § 1961, Plaintiffs request that the Court order the Defendants to pay post-judgment interest on the fees and costs awarded in the October 2, 2006 Order. Neither Defendant filed an opposition to Plaintiffs' motion.

1

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961; *Jenkins by Agyei v. State of Missouri*, 931 F.2d 1273, 1275 (8th Cir. 1991) ("The phrase 'any money judgment' in section 1961(a) is construed as including a judgment awarding attorneys' fees.") The statute requires that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.* The order awarding Plaintiffs' their fees and costs was entered on October 2, 2006. The weekly average 1-year constant maturity Treasury yield for the week preceding October 2, 2006 was 4.9% per annum.

Therefore, the Court grants Plaintiffs' motion for post-judgment interest of 4.9% per annum on the fees and costs awarded in the Court's October 2, 2006 Order.

## II.     Plaintiffs' Attorneys' Second Supplemental Motion for Attorneys' Fees

After the Court entered its October 2, 2006 Order awarding fees and costs to Plaintiffs, Defendant Memorial Day Weekend Salute to Veterans Corporation ("Salute") filed a motion to stay the Court's order regarding fees and costs, which Plaintiffs opposed. On October 24, 2006, Plaintiffs filed a motion pertaining to the allocation of the fees awarded in the Court's October 2, 2006 Order. Specifically, Plaintiffs argued that Defendants were jointly and severally liable for the fees and costs awarded.

With the instant motion, Plaintiffs' attorneys request an additional award of $3,970 in attorneys' fees plus post judgment interest to compensate them for their time spent

"researching and responding to the legal and factual issues raised in Defendant Salute's motion to stay and Plaintiffs' motion regarding allocation." (Doc. 147, ¶ 6). The attorneys–Marilyn S. Teitelbaum and Stacey A. Aschemann–have submitted affidavits and detailed billing statements in support of their request. The Court has already determined that a reasonable rate for Teitelbaum's time is $400.00 per hour and that a reasonable rate for her associate's time is $250.00 per hour. (October 2, 2006 Order at 7).

Plaintiffs' attorneys have submitted evidence that Aschemann spent 11.8 hours and Teitelbaum spent 2.55 hours responding to Salute's motion to stay enforcement of the Court's attorneys' fee order and Plaintiffs' own motion regarding allocation of costs and fees among Defendants. Of Aschemann's 11.8 hours, 4.0 hours were spent reviewing and responding to Salute's Motion to Stay and reviewing Salute's reply to Plaintiffs' allocation motion. Of Teitelbaum's 2.55 hours, 0.75 hours were spent reviewing and responding to Salute's Motion to Stay.

Defendants argue that they should not be held liable for the fees related to Plaintiffs' allocation motion because neither opposed the motion. In the Court's October 2, 2006 Order, the parties were instructed to file an allocation motion within 30 days if they could not otherwise agree on the allocation. Plaintiffs have submitted evidence that Defendants refused to agree that they were jointly and severally liable; thus, Plaintiffs filed their allocation motion. That neither defendant opposed Plaintiffs' allocation motion does not make Plaintiffs' filing unnecessary. If Defendants had agreed to joint and several liability, then Plaintiffs would not have needed to file their allocation motion.

3

In addition, Defendant Salute argues that it should not be held liable for fees related to its motion to stay because the motion "was nothing more than a suggestion that fees should not be awarded until the 'prevailing parties' had been finally determined." (Doc. 151 at 1-2). Salute's argument understates the relief it requested. As noted by Plaintiffs, "Salute's motion asked this Court to reserve ruling on the allocation issue and to waive the imposition of a supersedeas bond. Because the motion sought to deprive Plaintiffs of a final judgment on attorneys' fees and a bond required by law, Plaintiffs had no choice but to reply." (Doc. 152 at 2). The Court agrees and finds that Salute is liable for fees related to its Motion to Stay.

For its part, Defendant City of Columbia argues that it should not be held liable for fees related to Salute's Motion to Stay or Salute's Reply to Plaintiffs' allocation motion because neither involved, nor was prompted, by the City of Columbia. The Court agrees.

The Court finds that 14.35 hours is a reasonable amount of time to have spent on the necessary tasks detailed on Plaintiffs' attorneys' billing statement. Therefore, the Court finds that Defendant Salute is solely liable for Plaintiffs' attorneys' fees in the amount of $1,300, which equals the value of the attorneys' time spent reviewing and responding to Salute's filings. In addition, Defendants are jointly and severally liable for the remainder of Plaintiffs' attorneys' fees, the sum of which equals $2,670.

IT IS SO ORDERED.

 S/NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated:  June 21, 2007
Jefferson City, Missouri